IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **YVETTE YOUNG**, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. **3:15-CV-678-L** |
| § | |
| **CITY OF RICHARDSON,** § | |
| § | |
| Defendant. § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendant's Motion to Dismiss First Amended Complaint, filed on August 10, 2015. After carefully considering the motion, brief, response, reply, pleadings, and applicable law, the court **grants** Defendant's Motion to Dismiss First Amended Complaint, and **directs** Plaintiff Yvette Young ("Young" or "Plaintiff") to amend her pleadings in accordance with the court's instructions.

**I.    Factual and Procedural Background**

Young filed this action against Defendant City of Richardson (the "City" or "Defendant") on March 2, 2015. In Plaintiff's Original Complaint, she alleged that the City discriminated against her because of her race and national origin, in violation of Title VII of the Civil Rights Act of 1964, as amended. Young subsequently filed Plaintiff's First Amended Complaint ("Amended Complaint") on July 28, 2015. In her Amended Complaint, the live or operative pleading, Plaintiff alleges that the City discriminated and retaliated against her on the basis of her race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq*. Plaintiff further alleges that she was retaliated against because she objected in good faith on multiple occasions to racial and other discrimination. Plaintiff contends that she satisfied the administrative

prerequisites to filing the Amended Complaint and received a notice of her right-to-sue on December 5, 2014.

In the City's motion to dismiss, it contends that Plaintiff's Original Complaint did not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, and, consequently, that filing such pleading did not satisfy the statute of limitations, which requires Title VII litigants to file their lawsuits within 90 days of receipt of the notice of right to sue issued by the Equal Employment Opportunity Commission ("EEOC"). Defendant also contends that Plaintiff's Amended Complaint, which superseded Plaintiff's Original Complaint, cannot relate back to the filing of Plaintiff's Original Complaint because she failed to properly commence suit against the City within 90 days of receipt of the right-to-sue letter. Defendant also contends that the claims set forth in Plaintiff's Amended Complaint are time-barred and should be dismissed. Defendant further contends that any future amendment of Plaintiff's Amended Complaint would be futile because Plaintiff cannot cure the defects in her statute of limitations issues, and, therefore, the court should refuse to allow further amendment of the pleadings. Defendant further alleges that the retaliation claim in the Amended Complaint is also barred by the statute of limitations because it was not asserted in Plaintiff's Original Complaint. Last, Defendant contends that, in the alternative, the Amended Complaint should be dismissed because it fails to state a claim upon which relief can be granted, and, therefore, must be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

The court disagrees with the City's position because it conflates the issue of commencing an action under Rule 3 with that of the sufficiency of the allegations in a complaint under Rule 8. These are two distinct principles of law.

## II. Standards

### A. Rule 12(b)(6) – Failure to State a Claim

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted). When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v.*

*Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). In this regard, a document that is part of the record but not referred to in a plaintiff's complaint *and* not attached to a motion to dismiss may not be considered by the court in ruling on a 12(b)(6) motion. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 & n.9 (5th Cir. 2012) (citation omitted). Further, it is well-established and "'clearly proper in deciding a 12(b)(6) motion [that a court may] take judicial notice of matters of public record.'" *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (quoting *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). Stated another way, when a court deals with a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations contained in

the pleadings to determine whether they are adequate enough to state a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), *rev'd on other grounds*, 113 F.3d 1412 (5th Cir. 1997) (en banc). Accordingly, denial of a 12(b)(6) motion has no bearing on whether a plaintiff ultimately establishes the necessary proof to prevail on a claim that withstands a 12(b)(6) challenge. *Adams*, 556 F.2d at 293.

A statute of limitations may support dismissal pursuant to Rule 12(b)(6) when it is evident from a plaintiff's pleadings that the action is time-barred and the pleadings fail to set forth or raise some basis for tolling the statute. *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003) (citations omitted).

      **B.**     **Rule 8(a) - Pleading Requirements**

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8 only requires "notice" pleading. Accordingly, it is not necessary that the pleader set forth each and every element or factual allegation of a claim. The "short and plain statement," however, must contain sufficient allegations of fact "that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Leatherman v. Tarrant Cnty. Narcotics Intell. & Coordination Unit,* 507 U.S. 163, 168 (1993) (internal quotation marks and citation omitted). A pleading need only set forth "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. As previously stated, a claim meets the plausibility test when a plaintiff pleads sufficient factual content that permits the court to make the reasonable inference that a defendant is liable for the alleged misconduct. *Iqbal*, 556 U.S. at 678.

**Memorandum Opinion and Order – Page 5**

**III.     Analysis**

        **A.     Contentions of the Parties**

In Defendant's motion to dismiss, it argues that Plaintiff failed to adequately plead the factual basis in Plaintiff's Original Complaint and provide notice of the grounds upon which Plaintiff's claims rest. According to the City, since Plaintiff's Original Complaint failed to adequately plead the factual bases of her claims, the Amended Complaint, which was filed outside of the statute of limitations, cannot relate back to the date of Plaintiff's Original Complaint because the statute of limitations has expired.[1] Defendant alleges that Plaintiff's failure to file Plaintiff's Amended Complaint within the 90-day threshold renders her live pleading time-barred. The City relies on *Baldwin County Welcome Center v. Brown,* 466 U.S. 147 (1984); *Firle v. Mississippi State Department of Education,* 762 F.2d 487 (5th Cir. 1985); and *Antoine v. United States Postal Service,* 781 F.2d 433 (5th Cir. 1986), in support of its argument. Defendant argues that Plaintiff's position is not different from the plaintiffs in each of these cited cases because their original complaints did not constitute the "commencement" of an action within the 90-day limitations period, as they did not contain a short and plain statement of the claim showing that the pleader was entitled to relief as required by Rule 8(a)(2). Defendant further argues that Plaintiff cannot cure her untimeliness and that any further amendment of her Amended Complaint is futile, as her Title VII claims would still be time-barred as a matter of law.

In response, Plaintiff contends that while her Original Complaint may have been conclusory, it would be inequitable to dismiss the lawsuit on that basis because Defendant was not

---

[1] One of the statutory requirements for bringing a Title VII action in federal court is that the plaintiff commence the action within 90 days of receiving a right-to-sue notice from the EEOC. 42 U.S.C. § 2000e-5(f)(1).

**Memorandum Opinion and Order – Page 6**

prejudiced. Plaintiff argues that it would not make sense to dismiss her Amended Complaint based upon the content of the superseded pleading, as Plaintiff's Original Complaint is no longer the live pleading. Young contends that the court should decline to dismiss her lawsuit because a complaint filed by a pro se plaintiff, however inartfully, must be held to a less stringent standard than formal pleadings filed by lawyers. Young contends that after United States Magistrate Judge Paul D. Stickney sent her a Judicial Questionnaire, she cooperated fully with the request and submitted a 21-page document detailing her claims. Plaintiff further alleges that Defendant's reliance on *Brown, Firle, and Antoine* is misplaced. She contends that all three cases are distinguishable from her case, as those cases involved pro se plaintiffs that filed right-to-sue letters instead of formal complaints, which were the bases of the courts' rulings that the plaintiffs did not comply with the Rule 8(a)(2) pleading requirements. Plaintiff argues that, while her Original Complaint was conclusory, she *did* file a complaint and commence her action within the 90-day right-to-sue window, and, therefore, she properly complied with Title VII's 90-day statute of limitations. Young contends that the court should, therefore, allow the Amended Complaint to relate back to Plaintiff's Original Complaint pursuant to Rule 15(c) of the Federal Rules of Civil Procedure.

Defendant replies that there is no equitable basis to allow an exception to the pleading requirements of Rule 8(a)(2). Defendant contends that the doctrine of equitable tolling only applies in rare and exceptional circumstances, which Plaintiff has failed to demonstrate. Further, the City alleges that the issue for limitations purposes is not what a particular document might be titled but rather whether it satisfies the requirements of Rule 8(a)(2). Defendant further replies that the single, conclusory legal allegation in Plaintiff's Original Complaint did not meet the requirements of Rule 8, regardless of the title that was put on the filed document.

B.   **Whether the Holdings in *Brown, Firle, and Antoine* Render Plaintiff's Amended Complaint Time-Barred**

The court agrees with Plaintiff that the 90-day statute of limitations does not bar the Amended Complaint. In *Baldwin County Welcome Center v. Brown*, after receiving a notice of right-to-sue from the EEOC, the plaintiff mailed a notice and request for appointment of counsel to the district court within the 90-day period. *Brown,* 466 U.S. at 148. The plaintiff later filed an amended complaint, 130 days after receipt of the right-to-sue letter, and the district court dismissed the lawsuit as untimely because she failed to file a complaint meeting the requirements of Rule 8 within 90 days of her receipt of her right-to-sue letter. *Id.* at 148-49. The court noted that the right-to-sue letter did not qualify as a complaint under Rule 8 because there was no factual bases for the claim of discrimination. *Id.* On appeal, the Court of Appeal for the Eleventh Circuit reversed the holding of the district court and held that "the filing of a right-to-sue letter 'tolls' the time period provided by Title VII." *Id.* at 149. The Supreme Court reversed the Eleventh Circuit and affirmed the district court's decision and held that the filing of a *right-to-sue letter* did not satisfy Rule 8, which required a *complaint* be filed to initiate an action. Brown, 466 U.S. at 149-52. The Court held that the right-to-sue letter could not be considered a complaint within the contemplation of Rule 8, as it failed to include "a short and plain statement of the [plaintiff's] claim." *Id.* at 149-50 n.3 (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). The court further held that Brown's amended complaint could not relate back to the date of the "initial pleading," the right-to-sue notice, because the pleading did not give the requisite timely fair notice of what Brown's claims were and the grounds upon which they rested. *Id.* at 150, n.3.

Similarly, in *Firle v. Mississippi State Department of Education,* the EEOC issued a right-to-sue notice to the plaintiff and instructed him to file suit in the appropriate district court within

**Memorandum Opinion and Order – Page 8**

90 days of receipt of the notice. Firle filed his *right-to-suit notice* and a *request for appointment of counsel* on March 7, 1983, 40 days after receipt, and he then submitted a financial affidavit and requested appointment of counsel. Because of judicial delays, an attorney was not appointed until May 3, 1983, and the attorney filed an amended complaint on December 21, 1983, seven and one-half months after expiration of the 90-day filing period. The district court dismissed the suit as time-barred and found that the amended complaint could not relate back to the original filing. *Id.* The Fifth Circuit affirmed the district court's ruling and held that an employee's filing of a *right-to-sue notice* and *request for appointment of counsel* was not an adequate pleading to commence an action. The Fifth Circuit determined that neither adequately gave notice to the defendant employer of what the plaintiff's claim was and the grounds upon which it rested. *Firle,* 762 F.2d at 489.

Likewise, in *Antoine v. United States Postal Service,* the plaintiff received a right-to-sue notice informing her that she had the right to file a civil action in federal district court within 30 days of receipt.[2] 781 F.2d at 435. The EEOC also informed Antoine that she could request the district court to appoint counsel to represent her. *Id.* On August 26, 1982, Antoine filed: (1) a financial affidavit in support of her request for appointment of counsel; (2) the EEOC letter denying her appeal, which also informed her of her right to sue; (3) a copy of the Postal Service investigation form and an accompanying letter; and (4) the final agency decision issued by the Postal Service. *Id.* The district court granted Antoine's request to proceed *in forma pauperis*, and her appointed counsel then filed a formal complaint on October 27, 1982, after the 30-day

---

[2] Employment disputes between government employers are examined by 29 C.F.R. § 1613. Unlike Title VII, which provides a 90-day statute of limitations, 29 C.F.R. § 1613 provides a 30-day statute of limitation to file a civil action in federal district court against a government employer.

**Memorandum Opinion and Order – Page 9**

limitations period expired. *Id.* The district court determined that Antoine's filing of the *right-to-sue letter* and a *request for counsel* did not meet the requirements of Rules 3 and 8(a)(2) of the Federal Rules of Civil Procedure. *Id.* The district court also determined that no equitable considerations existed to justify tolling the 30-day period. *Id.*

On appeal, the Fifth Circuit held that none of the documents filed on August 26, 1982, contained a short and plain statement of the claim showing that the pleader is entitled to relief. *Id.* at 438. The court, therefore, determined that none of the documents met the requirements of Rule 8(a). *Id.* The court further held that equitable tolling was not justified because the facts did not demonstrate that Antoine received inadequate notice of her obligation to initiate a suit within 30 days or that the Postal Service acted in a manner to lull the plaintiff into inaction. *Id.* at 439.

Plaintiff's Original Complaint, while hardly a model of pellucid draftsmanship, is distinguishable from the *right-to-sue* letters at issue in *Brown, Firle*, and *Antoine.* In contrast to the right-to-sue letters in those cases, Plaintiff's Original Complaint gave Defendant actual notice that a Title VII claim was being brought against it, which was one of the principal concerns of the Fifth Circuit and the Supreme Court in all three cases.  In contrast to those right-to-sue letters, the document Young filed in this case was denominated "Plaintiff's Original Complaint" and set forth, albeit in unspecific terms, the nature of her action.  Those include the statutory bases of her claim (Title VII of the Civil Rights' Act of 1964 as amended), the claim itself (discrimination on the basis of race and national origin), and the relief sought (reinstatement to former position which sufficiently sets forth an ultimate employment decision) and $300,000 in damages.  Further, after receiving Judge Paul D. Stickney's Questionnaire, Plaintiff submitted 21 pages of facts describing and supporting her claims against the City.

Unlike the right-to-sue letters at issue in *Brown, Firle,* and *Antoine*, Plaintiff's Original Complaint at a minimum gave the City actual notice than an action had been filed in which the City was named a defendant, and it apprised the City in general terms of the nature of Plaintiff's claim of discrimination. In the court's view, Plaintiff's Original Complaint does not present the problems of notice that troubled the other courts, and, therefore, the facts of this action are distinguishable from those presented in these cited cases. Moreover, it is undisputed that Plaintiff filed a complaint with the court on March 2, 2015, 87 days after receiving the right-to-sue, which was within the 90-day limitations period. Plaintiff properly filed her Amended Complaint without leave of court pursuant to Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure, which allows a party to amend its pleading once as a matter of course . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b). The City filed its motion to dismiss Plaintiff's Original Complaint on July 24, 2015, and Plaintiff filed her Amended Complaint on July 28, 2015.

Defendant's position conflicts with Rules 8 and 15 of the Federal Rules of Civil Procedure. The City's approach effectively eviscerates Rule 15, as a plaintiff would never be able to amend her complaint if the original complaint was insufficiently pleaded. Rule 15 simply does not contemplate such a draconian approach. Finally, Defendant's position contravenes the well-established principle that pro se complaints should be "h[e]ld to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner,* 404 U.S. 519, 520 (1972).

For these reasons, the court determines that Plaintiff's Original Complaint, while not a model pleading, was sufficient to commence and set forth an action for purposes of Rule 3 and 8 of the Federal Rules of Civil Procedure. As such, the court also determines that such filing was

**Memorandum Opinion and Order – Page 11**

timely, and that it complied with Title VII's 90-day limitations period. Accordingly, the court rejects the City's argument that Young failed to properly commence her suit against the City within 90 days of receipt of her right-to-sue letter. The subsequent filing of Plaintiff's Amended Complaint is not barred by the statute of limitations, as it relates back to Plaintiff's Original Complaint. Having found that Plaintiff's claims in her Amended Complaint are not barred by the 90-day limitations period, there is no need for the court to address Plaintiff's equitable tolling argument.[3]

### C. Plaintiff's Retaliation Claim

Defendant next contends that in the alternative, Plaintiff's First Amended Complaint improperly attempts to add a new claim for retaliation. Defendant alleges the retaliation claim is barred by the statute of limitations since it was not asserted within 90 days of receipt of the right-to-sue letter. Plaintiff does not respond to this contention in the Plaintiff's Response to Defendant's Motion to Dismiss First Amended Complaint and Brief in Support; however, she does address her retaliation claim in her First Amended Complaint. In Plaintiff's First Amended Complaint, she alleges that filed a series of three separate charges against Defendant related to various instances of race discrimination. Pl.'s First Am. Compl. ¶ 9. Plaintiff also mentions that she filed a fourth charge of discrimination alleging unlawful retaliation by the act of terminating her on October 28, 2014. *Id.* at 12. Plaintiff alleges "that the existence of the fourth charge to advise the Court that a subsequent amendment of this lawsuit will likely be needed." *Id.* Plaintiff

---

[3] In any event, the court agrees with the City in that equitable tolling is not applicable in this case.

**Memorandum Opinion and Order – Page 12**

states that the charge is pending with the EEOC and is, therefore, not ripe for inclusion in this lawsuit. *Id.*

Generally, if a plaintiff has not received a right-to-sue letter from the EEOC on her claim before the motion to dismiss was filed, she has failed to exhaust her administrative remedies, and the retaliation claim should be dismissed without prejudice. *See Taylor v. U.S. Treasury Dep't.,* 127 F.3d 470, 478 (5th Cir. 1997); *Lightfoot v. OBIM Fresh Cut Fruit Co.,* No. 4-07-608-BE, 2008 WL 4449512, at *2-3 (N.D.Tex. Oct.2, 2008). The Fifth Circuit, however, has carved out an exception to the exhaustion requirement that applies here. In *Gupta v. East Texas State University,* 654 F.2d 411, 414 (5th Cir. 1981), the court held that "it is unnecessary for a plaintiff to exhaust administrative remedies prior to urging a retaliation claim growing out of an earlier charge; the district court has ancillary jurisdiction to hear such a claim when it grows out of an administrative charge that is properly before the court."

Here, the court does not know whether Plaintiff's retaliation claim is within the scope of the prior EEOC charges and, therefore, cannot determine whether the retaliation claim is properly before it. The court cannot determine whether it is necessary for Young to exhaust her administrative remedies prior to urging her retaliation claim without knowing whether it grows out of her prior charges filed against Defendant. As a result, the court will allow Plaintiff the opportunity to file a second amended complaint and correct the deficiencies described above as it relates to the retaliation claim described in this section.

> D. **Whether Plaintiff's First Amended Complaint Adequately States a Claim Upon Which Relief Can Be Granted**

As a final matter, Defendant contends that this court should dismiss Plaintiff's First Amended Complaint because she fails to state a claim upon which relief can be granted. Defendant

**Memorandum Opinion and Order – Page 13**

contends that Plaintiff's Amended Complaint is conclusory and does not allege any facts showing how Plaintiff has a plausible discrimination claim against the City.  Defendant also alleges Plaintiff is unable to sustain a Title VII discrimination claim because Plaintiff's First Amended Complaint fails to show how the allegedly discriminatory acts relate to an adverse employment action, which the Fifth Circuit has limited to ultimate employment decisions such as hiring, granting leave, discharging, promoting, suspending, and compensating.

Plaintiff's Amended Complaint does not set forth enough allegations to cross the legal threshold.  The Amended Complaint alleges that she worked as an administrative supervisor serving in the Parks and Recreation Department, as a Gymnastics Center Supervisor; all employees in similar positions were not African-American; and Defendant was at all times her employer. Pl.'s First Am. Compl. ¶ 9.  Plaintiff further alleges that she filed a series of three separate charges of discrimination with the EEOC, and these charges make up a significant portion of Plaintiff's Amended Complaint.  *Id.*  Plaintiff alleges that the first charge, Charge Number 450-2014-00003, dated October 5, 2013, alleged race and other discrimination in the form of unequal and disparate treatment and working conditions, such as lunch breaks, vacation scheduling, and other employment related opportunities; and she compared her treatment with the more favorable treatment of Allison Hayes, a Caucasian Recreation Coordinator. *Id.*

Plaintiff further alleged that she filed a second charge, Charge Number 450-2014-01339, dated February 13, 2014, alleging both disparate treatment and retaliation for filing the first charge. *Id.* at 10. Plaintiff pleaded that in that charge she alleged that a white female, Megan Fenton (who was originally hired by Plaintiff) was promoted over Plaintiff and she was required to constantly consult with Ms. Fenton about improvements in operations of the Gymnastics Center that Plaintiff

**Memorandum Opinion and Order – Page 14**

supervised; that Ms. Fenton did not respond to the communications Plaintiff was now required to make to her former subordinate; Plaintiff was denied scheduled vacation, proper staffing for her department, breaks, and raises; was given a negative evaluation for the first time after filing her October 5, 2013 charge; and was excluded from meetings. *Id.*

In her third charge, Charge Number 450-2014-02460, Plaintiff alleged both race discrimination and retaliation in response to the prior filing of the first two charges. *Id.* at 11. Plaintiff contended that she was placed on an unjustified performance improvement plan; she was required to attend meetings every third week with the same two people who were actively trying to get rid of her, including Megan Fenton; that the supposed "performance improvement" meetings were not held for that purpose but instead consisted of sessions where she was consistently berated and discouraged; she was denied assistance in her workplace where non-blacks were allowed to have assistance as needed; and finally, that the performance improvement plan was used to try to force her to vacate her employment with the City. *Id.*

While Plaintiff has made allegations in her charges regarding discrimination and retaliation, the charges were not attached to her Amended Complaint, and the court cannot consider them as part of the pleadings. *Collins*, 224 F.3 at 498-99. This is a procedural and technical error committed by Plaintiff, and to disallow Plaintiff to replead her discrimination claims exalts form over substance. Further, as the City is already on notice of Plaintiff's claims of discrimination, it suffers no legal prejudice. The court will direct Plaintiff to amend her pleadings to comply with the law as set forth in the court's standard.

## IV.  Conclusion

For the reasons stated herein, the court **grants** Defendant's Motion to Dismiss First Amended Complaint. The court, however, for the reasons stated herein, will allow Plaintiff to file a second amended complaint so that she has an opportunity to replead her claims in accordance with the standards herein set forth and to correct the deficiencies noted by the court. Plaintiff's second amended complaint shall be filed by **April 14, 2016**. If Plaintiff fails to file her second amended complaint by the stated date and in accordance with the court's instructions, this action may be dismissed with prejudice pursuant to Rule 12(b)(6), or without prejudice pursuant to Rule 41(b) for failure to comply with a court order or failure to prosecute.

**It is so ordered** this 31st day of March, 2016.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge